IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

JIMMY L. HAYNES, JR.,                    §
                                         §
          Plaintiff,                     §
                                         §
v.                                       §          CIVIL ACTION NO.  5:20-CV-00020-RWS
                                         §
WAL-MART SUPER CENTER,                   §
                                         §
          Defendant.                     §

## <u>ORDER</u>

The above-entitled and numbered civil action was heretofore referred to United States

Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  On August 31, 2021, the

Magistrate Judge issued a Report and Recommendation, recommending Defendant's Motion for

Summary Judgment and Brief in Support (Docket No. 18) be **GRANTED** and that Plaintiff's above-

entitled and numbered cause of action be **DISMISSED WITH PREJUDICE**.  Plaintiff Jimmy

L. Haynes, Jr. ("Plaintiff"), proceeding *pro se*, filed objections to the Report and

Recommendation.  Docket No. 33.  Defendant Wal-Mart Super Center ("Defendant" or "Wal-

Mart") filed a response to the objections.  Docket No. 34.  The Court conducts a *de novo* review

of the Magistrate Judge's findings and conclusions.

## BACKGROUND

### I.    Factual Background[1]

On February 7, 2020, Plaintiff filed his Original Complaint against Wal-Mart, which asserts

Defendant wrongfully terminated him due to his race and color in violation of Title VII of the Civil

---

[1] The Court uses the background facts set forth by the Magistrate Judge in her August 31, 2021 Report and
Recommendation.

Rights Act of 1964 ("Title VII").  In his original complaint, Plaintiff alleges as follows:

Personal Harm.

a.  In 12/2018 ex-coworker Christ[i]e Taylor (Department Manager) made false accusations against me to manag[e]ment. Christ[i]e Taylor stated to me 'who do you think they are going to believe me or you, I'm a white girl'?

b.  On 12/27/2018 I was discharged from my position as Garden Center Manager at Wal-Mart Super Center (Store # 2123) by George Wood Store Manager.

Docket No. 1 at 3.

In the attached Charge of Discrimination filed with the EEOC, Plaintiff asserts the following

reason for adverse action:

a.  In 10/2018, I stopped dating Christie Taylor and stated she was going to get me fired.

b.  On 12/27/2018, George stated I was being terminated due to the home office conducted an investigation on me.

Docket No. 1-1.

## II.      Procedural Background

Defendant filed its motion for summary judgment on January 22, 2021, moving for summary judgment on Plaintiff's race and color discrimination claims under Title VII.  Defendant asserts Plaintiff cannot establish a *prima facie* case.  Docket No. 18.  According to Defendant, even if Plaintiff could meet his *prima facie* burden, Defendant would still be entitled to summary judgment because Defendant has articulated a legitimate, non-discriminatory reason for the employment action taken against Plaintiff and Plaintiff cannot establish pretext.

On March 5, 2021, Plaintiff filed his response, titled as "Plaintiff's Motion to Dismiss Motion for Summary Judgment and Brief in Support."  Docket No. 20.  Defendant filed a reply

(Docket No. 21), and Plaintiff filed a sur-reply (Docket No. 24).  The case is currently set for trial in February 2022.  *See* Docket No. 29.

## III.    Report and Recommendation

On August 31, 2021, the Magistrate Judge issued a 43-page Report and Recommendation ("R&R"), recommending Defendant's motion for summary judgment be granted.  Docket No. 31. After setting forth the parties' evidence and objections thereto, *id*. at 7–27, the Magistrate Judge set out the applicable law under Title VII.  *Id*. at 27–29.  The Magistrate Judge noted that although Plaintiff's response to Defendant's summary judgment motion referenced retaliation and hostile work environment claims, in addition to claims for wrongful termination because of race and color discrimination, Plaintiff made clear in his sur-reply that he does not wish to add retaliation and hostile work environment claims to his original complaint.  Docket No. 24 at 1.   Thus, the Magistrate Judge only considered race and discrimination claims in her R&R.  Docket No. 31 at 29 n.11.

Turning to whether Plaintiff could show a *prima facie* case of race or color discrimination, the Magistrate Judge agreed with Defendant that Plaintiff could not show that Defendant gave preferential treatment under "nearly identical" circumstances.  *Id.* at 34–36. Specifically, the Magistrate Judge stated as follows:

> Relying on unsupported factual allegations, Plaintiff alleges others in the store were treated more favorably than he was during his employment. Specifically, Plaintiff testified that two Caucasian Department Managers named Jason and Angie had a personal relationship that allegedly turned physical, and yet neither one of them "got pulled to the office" or investigated. *See* Pl. Dep. at 160:18-162:22. However, Plaintiff's reliance on these alleged comparators is misplaced.

> Setting aside the fact this is all hearsay, Plaintiff has no evidence that Walmart was made aware of the disciplinary history, specific circumstances, or employment history of the other Department Managers whom he alleges were treated more

favorably. *Id.* at 163:10-15 (stating he did not know for a fact whether Angie made an ethics complaint through the ethics hotline against Jason and further stating "that was just something that [he] heard that she said). According to Defendant, Walmart could not have disciplined other associates for conduct of which it was not aware. "Because a supervisor must know about misconduct in order to punish it, an unreported incident is not 'nearly identical' to a reported one." *Arceneaux v. Metro. Life Ins. Co.*, 481 Fed. Appx. 196, 199 (5th Cir. 2012) (citing *Manaway v. Med. Ctr. of Se. Tex.,* 430 Fed. Appx. 317, 322–23 (5th Cir.2011) (unpublished)). In view of this, as urged by Defendant, there is "no meaningful comparison between Plaintiff's blatant misconduct and the alleged misconduct of other associates that was never investigated." Docket Entry # 21 at p. 6. The evidence of record, when viewed in the light most favorable to Plaintiff, does not satisfy Plaintiff's burden to demonstrate that employees in nearly identical circumstances, who were not Black, were treated more favorably.

Because Plaintiff has no competent summary judgment evidence to establish the fourth element of a *prima facie* discrimination case, dismissal is proper. *Joseph Huerta v. Phillips 66 Co.*, Civil Action No. 3:19-CV-00213, 2021 WL 3671199, at *4 (S.D. Tex. July 29, 2021), *report and recommendation adopted sub nom. Huerta v. Phillips 66 Co.*, No. 3:19-CV-00213, 2021 WL 3667495 (S.D. Tex. Aug. 18, 2021) (citing *Harris v. Drax Biomass Inc.*, 813 Fed. Appx. 945, 948 (5th Cir. 2020) (affirming summary judgment for failure to satisfy fourth element of a *prima facie* discrimination case)).

 However, for purposes of this Report and Recommendation only, the undersigned will assume Plaintiff has established a *prima facie* case of discrimination. The Court continues its analysis under the *McDonnell Douglas* framework and will determine whether Defendant has presented a legitimate, non-discriminatory reason for terminating Plaintiff. *See Martin*, 674 F. Supp. 2d at 836-37.

*Id.* at 36–37.

Having assumed Plaintiff established a *prima facie* case, the Magistrate Judge proceeded to

the second step in the framework set forth by the Supreme Court in *McDonnell Douglas Corp. v.

Green*, 411 U.S. 792, 802 (1973).  The Magistrate Judge found Defendant met its burden of proof

by offering evidence that "Plaintiff had reportedly made threats both on and off of work

premises, had numerous ethics complaints made against him for similar conduct, had used

inappropriate and offensive language, committed safety violations, and had received written

disciplinary action." *Id*. at 38 ("As urged by Defendant, the summary judgment evidence created contemporaneously with the investigation demonstrates Plaintiff's supervisors' good faith belief that Plaintiff had acted in ways which justified his discharge.").  According to the Magistrate Judge, these legitimate, non-discriminatory reasons shift the burden to Plaintiff to show that Defendant discriminated against him because of his race or color.  *Id.*

The Magistrate Judge concluded as follows:

Here, as noted above, Plaintiff has not shown pretext through competent summary judgment evidence of disparate treatment. In his response, Plaintiff raises the following additional arguments in support of his discrimination claims. Plaintiff asserts his claims of unfair treatment were not thoroughly investigated, whereas the accusations made by Taylor against him were thoroughly investigated. Plaintiff further asserts he was not properly staffed when he was a Department Manager, whereas a white Department Manager was given a full staff. Plaintiff asserts Defendant did not follow its discipline guidelines regarding the forklift safety violation and social media violation, pointing out he was the one who first brought Defendant's non-compliance with OSHA Guidelines to the attention of management in the summer of 2018. Plaintiff relies on his excellent performance evaluations, asserting he was not a dissatisfactory employee as alleged by Defendant. Finally, Plaintiff states he and another African American employee were asked to clean rat feces and urine without proper protective equipment.

* * *

. . . [T]he Court has carefully viewed the evidence in the light most favorable to Plaintiff and holds Plaintiff has failed to meet his burden of persuasion. Although the record contains factual disputes between the parties, none is "material" to the issue now before the court, which is whether Plaintiff has met the burden imposed on him by virtue of Defendant's motion for summary judgment.

Even if the Court were to assume, *arguendo*, that Plaintiff has presented some evidence showing Defendant's explanation is pretextual, his evidence of pretext does not support an inference that intentional racial discrimination was the real reason for the employment decision. *See Price v. Federal Express Corp.*, 283 F.3d 715, 723–24 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 148).

Considering all of Plaintiff's evidence in the light most favorable to Plaintiff, the Court is not convinced that Defendant's legitimate, non-discriminatory reasons for

its action were pretextual that the proffered reason was false and that discrimination was the real reason for the termination. *Rhodes*, 39 F.3d at 542. Based upon the record before the Court, no reasonable juror could find that Defendant's non-discriminatory reasons for terminating Plaintiff were a pretext for race or color discrimination.

*Id.* at 40–42 (internal footnote and citation omitted).

## IV.   Plaintiff's Objections

Plaintiff filed objections to the R&R on September 14, 2021.  *See* Docket No. 33. Plaintiff first asserts the fact finder may consider inconsistencies in the employer's proffered legitimate reasons for its action.  *Id.* at 4–5.  According to Plaintiff, there are inconsistencies in Wal-Mart's "many conflicting stories and any evidence should be stricken from the record considering they did not follow their own set of standards on every case to avoid discrimination."

*Id.* at 5.  Specifically, Plaintiff argues as follows:

- Wal-Mart submitted a Tier 2 Investigation Recap WM-Haynes-000393-000407, and there "was no such investigation done with Christie's claims either back in 2017 or in 2018." According to Plaintiff, it "can be assumed that her claims were not taken seriously or management used the situation to terminate Mr. Haynes after he reported prejudice to a salaried member of management in accordance with Wal-Mart's reporting procedures in their Discrimination & Harassment Prevention Policy.

- Inconsistencies arise in many of the reports Wal-Mart submitted, including WM-Haynes-000749: "Jimmy was terminated for being a threat to the company and making a threat[en]ing comment to department manager, Kristy Taylor, on his Facebook." According to Plaintiff, this statement was completely false, and "the author was so incompetent they did not spell her name right."

- The adverse employment actions taken against Plaintiff did not take place until one month after Plaintiff reported discrimination.

- An email from Stephanie Poole reveals "an almost two year issue" of Wal-Mart not taking discrimination cases seriously.

- Although Wal-Mart made claims that Plaintiff's performance was unsatisfactory, there are "zero coachings of such incident in fact Mr. Haynes has 4 employment

evaluations which all state he was a productive employee."

- Ms. Taylor had reported an incident on 11/30/2017 (WM-Haynes-000001-000005) with similar conduct saying Plaintiff had threatened her ex; yet, with the exception of an email, Defendant did not take any action. According to Plaintiff, Wal-Mart claims it maintains a violence free workplace and does not tolerate threats but it also claims Plaintiff had "three of them yet it was not till after he made his report that Wal-Mart took such extreme measures such as having him escorted out by police and trespassed from the store." Considering Wal-Mart's assertion of a no-tolerance policy, Plaintiff asks why he was not terminated or even investigated in 2017.

- According to Plaintiff, there is no record of his having any safety violations.

*Id.* at 5–10.  Plaintiff concludes as follows:

> Throughout the course of the investigation Mr. Haynes has proven that Wal-Mart's evidence itself could be considered pretext, especially since they claim that he had been written up for the same thing on multiple occasions. Walmart did not decide to fire Mr. Haynes until he reported to Eugene Belmont that he felt his race had something to do with mistreatment. Mike Coker a department manager for 18 years at Wal-Mart plans to testify to the mistreatment of Mr. Haynes compared to other non-black department managers as well as the favoritism displayed inside the store. Antonio Carson plans to testify to the impossible task given to Mr. Haynes and has direct knowledge of the replacing department manager not having to work near as hard or expected to, which brings into question if her race played a factor in the decision. It could be concluded that Wal-Mart wanted a more acceptable face at the garden center entrance. Stephanie Broussard plans to testify she heard members of management use the N word in a derogatory way while on Wal-Mart property, as well as Vicki Chalk. Stephanie [sic] Poole plans to testify of her own personal mistreatment as a person of color. Her Email as well as Eugene's Email should be enough proof to show that if nothing else Wal-Mart has not been truthful about the treatment of others. There is a genuine issue of fact that should be addressed by a jury. Due to the lack of legal standard and understanding the plaintiff asks that the court reconsider its granting of summary judgment, based on the proven pretext, false witnesses and accusations as well as several inconsistencies of defendant's evidence.

*Id.* at 10–11.

In its response, Defendant first asserts Plaintiff's objections are procedurally deficient.

Defendant asserts Plaintiff failed to file specific objections to the R&R.  Rather, according to

Defendant, Plaintiff filed generalized objections without identifying a specific finding or recommendation to which the objection is made; nor does Plaintiff state the basis for his objections or the place in the R&R where any disputed determination is found.  Docket No. 34 at 2. Defendant further asserts Plaintiff merely rehashes the arguments and positions taken in Plaintiff's underlying briefing.

In the event the Court considers Plaintiff's objections, Defendant substantively contends "Plaintiff has still failed to create a fact issue in his Objections based on competent summary judgment evidence." *Id*. at 3.  Pointing out Plaintiff's objections cite to numerous court decisions from various jurisdictions, Defendant argues the cases relied upon by Plaintiff do not support Plaintiff's objections.  Rather, according to Defendant, the "examples" cited by Plaintiff in the "Legal Standard" section "are replete with speculation, conclusions and assumptions totally unsupported by the competent summary judgment evidence in this case." *Id*. at 3–4.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive

law identifies which facts are material.  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Computer Corp.*, 98 Fed. Appx. 335, 338 (5th Cir. 2004).  Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

At the outset, the Court notes Plaintiff fails to specifically object to any findings in the R&R.

Federal Rule of Civil Procedure 72 provides "a party may serve and file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). Even so, the Court considers the objections and finds them without merit.

Where there is no direct evidence of discrimination, the plaintiff must initially establish a *prima facie* case of discrimination by satisfying a multi-factor test from which a discriminatory motive may be inferred, thus creating a rebuttable presumption of intentional discrimination. *Martin v. J.A.M. Distrib. Co.*, 674 F. Supp. 2d 822, 832 (E.D. Tex. 2009). In order to demonstrate a case of discrimination under Title VII, the plaintiff must show (i) he is a member of a protected class; (ii) he was qualified for the position; (iii) an adverse employment action occurred; and (iv) he was replaced by a person not in the protected class, or in the case of disparate treatment, that he was treated less favorably that similarly situated employees outside the protected group. *St. Mary's Honor Ctr. v. Hicks*, 590 U.S. 502, 506 (1993), *overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc.* 557 U.S. 167, 169–70 (2009).

To establish a claim of disparate treatment, Plaintiff must show that Defendant gave preferential treatment under "nearly identical" circumstances. *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (citations omitted). As noted by the Magistrate Judge, the Fifth Circuit stated in *Mayberry* that to establish a *prima facie* case in this manner, the plaintiff must show that

white employees were treated differently under circumstances "nearly identical" to his. *Mayberry v. Vought,* 55 F.3d 1086, 1090 (5th Cir. 1995) (citing *Little,* 924 F.2d at 97; *Smith v. Wal-Mart Stores,* 891 F.2d 1177, 1180 (5th Cir. 1990); *Davin v. Delta Air Lines, Inc.,* 678 F.2d 567, 570–71 (5th Cir. 1982)); *see also Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 832 (E.D. Tex. 2014). " 'The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.' " *Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012), *as revised* (June 22, 2012) (quoting *Lee v. Kan. City S. Ry. Co.,* 574 F.3d 253, 260 (5th Cir. 2009)).   Additionally, "the conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Lee,* 574 F.3d at 260.  But "[e]ach employee's track record at the company need not comprise the identical number of identical infractions, albeit these records must be comparable." *Id.* at 260–61.

Plaintiff has not established that any other employee outside his protected class received preferential treatment under nearly identical circumstances. Even though Plaintiff testified that two Caucasian Department Managers were treated more favorably than he was, despite their personal relationship that allegedly turned physical, Plaintiff has not presented competent summary judgment evidence regarding those (or any other) employees' disciplinary history, specific circumstances, employment history or any other information that would indicate to the Court that they were similarly situated and/or treated differently by Defendant.  The Court agrees with the Magistrate Judge that the evidence of record, viewed in the light most favorable to Plaintiff, does

not satisfy Plaintiff's burden to demonstrate that employees in nearly identical circumstances, who were not Black, were treated more favorably.

The Court, however, will assume Plaintiff has established a *prima facie* case of discrimination and consider whether Defendant has presented a legitimate, non-discriminatory reason for terminating Plaintiff.  If the plaintiff establishes a *prima facie* case of discrimination, the burden of proof shifts to the defendant, who must "articulate some legitimate, nondiscriminatory reason" for its treatment of the plaintiff.  *McDonnell Douglas,* 411 U.S. at 802. The defendant must set forth, "through the introduction of admissible evidence, reasons for its actions which, 'if believed by the trier of fact,' would support a finding that unlawful discrimination was not the cause of the employment action."  *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (citing *Hicks*, 509 U.S. at 507).   "For a reason to be legitimate and non-discriminatory, the defendant is not required to 'persuade the court that it was actually motivated by the proffered reasons' but must 'clearly set forth, through the introduction of admissible evidence, the reasons for [its decision].' "  *Mitchell v. TJX Companies, Inc*., No. 1:18-CV-82-SA-DAS, 2019 WL 3806369, at *4 (N.D. Miss. Aug. 13, 2019) (quoting *Vess v. MTD Consumer Grp., Inc.*, No. 1:16-CV-80-DMB-RP, 2018 WL 934935, at *8 (N.D. Miss. Feb. 16, 2018), *aff'd*, 755 Fed. Appx. 404 (5th Cir. 2019) (quoting *Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 900 (5th Cir. 2012), as revised (June 22, 2012))).

Defendant has met its burden by offering evidence that Plaintiff was terminated for repeatedly making threats both on and off of work premises, having numerous ethics complaints made against him for similar conduct, using inappropriate and offensive language, committing safety violations and receiving written disciplinary action.  These legitimate, non-discriminatory reasons

shift the burden back to Plaintiff to show that Defendant discriminated against him because of his race or color.

If the defendant produces a sufficient reason for its actions, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the employer's rationale is pretextual or that race was at least a motivating factor. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (citation omitted). In attempting to satisfy this burden, under the modified *McDonnell Douglas* approach, the plaintiff must offer sufficient evidence to create a genuine issue of material fact " 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).' "[2] *Brooks v. Firestone Polymers, L.L.C.*, 70 F. Supp. 3d 816, 831–32 (E.D. Tex. 2014), *aff'd sub nom. Brooks v. Firestone Polymers, L.L.C.*, 640 Fed. Appx. 393 (5th Cir. 2016) (quoting *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004) (quoting *Rishel v. Nationwide Mut. Ins. Co.,* 297 F.Supp.2d 854, 865 (M.D.N.C. 2003))). "In assessing whether a protected characteristic was 'a motivating factor,' a court must consider the evidence presented by the plaintiff as a whole." *Taylor v. Peerless Indus. Inc.,* 322 Fed. Appx. 355, 365 (5th Cir. 2009) (citation omitted).

"[O]nce the employer's justification has been eliminated, discrimination may well be the

---

[2] Under the pretext alternative approach, the "plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.' " *Martin*, 674 F. Supp. 2d at 839 (quoting *Laxton v. Gap Inc.,* 333 F.3d 572, 578 (5th Cir. 2003)). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Id.* "[I]t is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Reeves,* 530 U.S. at 147 (emphasis in original). "Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination without further evidence of defendant's true motive." *Martin,* 674 F. Supp. 2d at 839 (quoting *Laxton,* 333 F.3d at 578).

most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.' " *Martin,* 674 F. Supp. 2d at 839 (quoting *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 223 (5th Cir. 2000) (quoting *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 147 (2000))).  Hence, as a matter of course, Plaintiff does not need to introduce additional, independent evidence of discrimination to avoid summary judgment.  *Id.* (citing *Reeves,* 530 U.S. at 148; *Ratliff v. City of Gainesville,* 256 F.3d 355, 361–62 (5th Cir. 2001); *Blow v. City of San Antonio,* 236 F.3d 293, 298 (5th Cir. 2001)).

Here, however, Plaintiff has not shown pretext through competent summary judgment evidence of disparate treatment.  Any factual disputes between the parties are not "material" to the issue now before the Court, which is whether Plaintiff has met the burden imposed on him by virtue of Defendant's motion for summary judgment.  Even if the Court were to assume that Plaintiff has presented some evidence showing Defendant's explanation is pretextual, his evidence of pretext does not support an inference that intentional racial discrimination was the real reason for the employment decision.  *See Price v. Federal Express Corp.*, 283 F.3d 715, 723–24 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 148).

Having considered all of Plaintiff's evidence in the light most favorable to Plaintiff, the Court is not convinced that Defendant's legitimate, non-discriminatory reasons for its action were pretextual.  Based upon the record before the Court, no reasonable juror could find that Defendant's non-discriminatory reasons for terminating Plaintiff were a pretext for race or color discrimination.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected.  *See* 28 U.S.C.

§ 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The Court determines that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit.  Therefore, the Court hereby **ADOPTS** the August 31, 2021 Report and Recommendation of the United States Magistrate Judge (Docket No. 31) as the findings and conclusions of the Court.  Accordingly, it is hereby

> **ORDERED** that Defendant's Motion for Summary Judgment and Brief in Support (Docket No. 18) is **GRANTED**, and Plaintiff's objections are overruled.  It is further

> **ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

> **So ORDERED and SIGNED this 4th day of November, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE